IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:14-CV-1799-WBS-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RODNEY J. BEEDE, | |
| Defendant. | |
| _____/ | |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions (Docs. 11, 12, and 13) for the appointment of counsel.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

own in light of the complexity of the legal issues involved.  See <u>Terrell</u>, 935 F.2d at 1017.
Neither factor is dispositive and both must be viewed together before reaching a decision.  See
<u>id.</u>

In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff has demonstrated an adequate ability to articulate his claim.  Second, for the reasons discussed in findings and recommendations issued separately, the court concludes that plaintiff has no chance of success on the merits because his claim is not cognizable.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the appointment of counsel (Docs. 11, 12, and 13) are denied.

DATED:  January 13, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE