IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:14-CV-1799-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RODNEY J. BEEDE, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.
8         Plaintiff names as the only defendant Rodney J. Beede, Esq., who was the attorney
9  appointed to represent plaintiff at his underlying criminal trial.  Plaintiff alleges various instances
10  of ineffective assistance of counsel.
11         When a state prisoner challenges the legality of his custody and the relief he seeks
12  is a determination that he is entitled to an earlier or immediate release, such a challenge is not
13  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
14  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
15  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
16  1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
17  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
18  underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in
19  imposition of a sanction affecting the overall length of confinement, such a claim is not
20  cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal,
21  by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477,
22  483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to
23  malicious prosecution action which includes as an element a finding that the criminal proceeding
24  was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)
25  (concluding that § 1983 claim not cognizable because allegations of procedural defects were an
26  attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, success on plaintiff's allegations of ineffective assistance of trial counsel during the course of the underlying criminal proceedings would necessarily imply the invalidity of plaintiff's conviction. Thus, plaintiff's claim is not cognizable under § 1983. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE